

**ORDERED in the Southern District of Florida on June 14, 2022.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re: | CASE NO. 22-10746-RAM |
|  | CHAPTER 13 |
| MIRIAM SOLER, |  |
| Debtor. |  |

**AMENDED[1] ORDER ENJOINING MIRIAM SOLER,**
**ROBERTO SOLER, JR. AND ALBERTO SOLER FROM**
**FILING FURTHER BANKRUPTCY CASES WITHOUT LEAVE OF COURT**

The Court conducted a hearing on June 7, 2022, to consider

entry of an Order enjoining the Debtor, Miriam Soler, and her sons,

---

[1] The order entered on June 13, 2022 is being amended to add a reference to two additional cases, and several additional adversary proceedings within those cases, filed by Alberto Soler, using the name Alberto Solar Somohano, and to include the name, Alberto Solar Somohano, in the injunction.

Roberto Soler and Alberto Soler, also known as Alberto Solar Somohano, (collectively, the "Solers") from filing any further bankruptcy cases without leave of court. Despite receiving notice of the hearing, none of the Solers appeared at the hearing to present argument against entry of the injunction.

The basis for the injunction is described in the Court's Amended Order to Show Cause Why Miriam Soler, Roberto Soler, Jr. and Alberto Soler Should not be Enjoined from Filing Further Bankruptcy Cases Without Leave of Court (the "Show Cause Order") [DE# 85]. Those reasons are repeated, in large part, in this Order. Moreover, the events that have occurred since the entry of the Show Cause Order provide additional cause for injunctive relief, in particular, Roberto Soler's filing of a new chapter 7 bankruptcy petition on May 20, 2022, Case No. 22-13971-LMI.

## Factual and Procedural Background

The above-captioned case is the tenth bankruptcy case filed in this district in the last six years by Miriam Soler (3 cases)[2], Roberto Soler, Jr. (2 cases)[3], and Alberto Soler (5 cases)[4].

The prior cases were filed for the primary purpose of delaying the foreclosure of two properties, one located at 4741 NW 5th St.,

---

[2] 16-16898, 17-18812, and this case, 22-10746.
[3] 19-17922 and 19-25124.
[4] 16-18464, 17-18157, and 20-22697, and two cases filed by the same individual using the name, Alberto Solar Somohano, 17-18157-LMI and 20-22697-AJC.

Miami, FL 33126 (the "5th St. Property") and one located at 736 SE 8th Place, Hialeah, FL 33010 (the "Hialeah Property").   Twenty-five adversary proceedings were initiated in the prior cases, including failed attempts to remove the two foreclosure cases to the bankruptcy court.   Nineteen of the adversary proceedings related to either the 5th St. Property or the Hialeah Property. The Defendants included the President of the United States, various federal agencies, attorneys, judges, and the chapter 13 trustees.

    Neither the 5th St. Property nor the Hialeah Property are owned by any of the Solers.   Judge Cristol granted prospective stay relief to the Federal National Mortgage Association ("Fannie Mae") with respect to the Hialeah Property in his Amended Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments and for Failure to Appear at Meeting of Creditors [DE# 52 in 19-17922].   That Order allowed Fannie Mae to conclude its foreclosure in Case No. 2013-033734-CA-01, and the Hialeah Property was purchased at a foreclosure sale by FORMIAMI 20, LLC.   The Miami-Dade County Clerk of Courts issued a Certificate of Title to FORMIAMI 20, LLC  on January 27, 2021. The Certificate of Title was recorded on January 29, 2021.   A copy of the Certificate of Title on the Hialeah Property is attached as Exhibit A to this Order.

The 5th St. Property was the subject of a foreclosure case commenced by Fannie Mae in 2013, Case No. 2013-008187-CA-01 (the "5th Street Foreclosure Case").  Judge Cristol granted Fannie Mae stay relief to complete its foreclosure in his November 28, 2017 Order Granting Motion for Relief from Stay and Co-Debtor Stay and Order to Grant Prospective Relief for a One-Year Period (the "5th St. Property Stay Relief Order") [DE# 65 in 17-18812].

The 5th St. Foreclosure Case went forward. Fannie Mae was the successful bidder at the foreclosure sale, and the Miami-Dade County Clerk of Courts issued a Certificate of Title to Fannie Mae on August 6, 2018.  A copy of the Certificate of Title on the 5th St. Property is attached as Exhibit B to this Order.

### Need and Justification for Prospective Relief

Based upon the record in the nine prior Soler cases and 19 prior adversary proceedings, and in the dozens of appeals filed in those cases and proceedings, it is clear that the Solers are bad-faith, vexatious litigants.  If unchecked, it is likely that they will file future bankruptcy cases seeking to re-litigate long-decided issues relating to the 5th St. Property and to the Hialeah Property.  In fact, as noted earlier, Roberto Soler has filed a new case since entry of the Show Cause Order.

The Solers' ongoing quest is evident in the record.  For example, despite losing title to the 5th St. Property in April

4

2018, Miriam Soler, acting through her son, filed two Motions to
Reopen her first case in November 2019 [DE#s 104 and 106 in 16-
16898] and filed a Motion to Re-Impose Automatic Stay [DE# 109 in
16-16898]. All three motions sought relief against Fannie Mae in
connection with the foreclosure of the 5th St. Property.

On December 9, 2019, this Court entered its Order Denying
Debtor's Motions and Granting Prospective Stay Relief [DE# 116 in
16-16898].  That Order emphasized that Fannie Mae was already the
owner of the 5th St. Property.  The Order also granted prospective
stay relief to Fannie Mae to obtain issuance of, and to execute,
a Writ of Possession.  In typical fashion, the Solers continued
their vexatious attempts to undo the foreclosure, filing several
appeals in that case.

On January 31, 2022, Miriam Soler, again acting through
Alberto Soler, filed this case.  Because the case was dismissed
for filing deficiencies, the Court cannot state with certainty
what the Solers hoped to accomplish.  But, given the history, there
is little doubt that this case was filed to launch a further attack
on Fannie Mae and possibly others relating to the 5th St. Property.

Based upon the history described above, the Court entered the
Show Cause Order on April 12, 2022, scheduling a hearing for May
19, 2022.  Paragraph 5 of the Show Cause Order provided as follows:

> Unless one or more of the Solers appear at the
> May 19th hearing and show cause why an

injunction should not be issued, the Court
will enter an injunction prohibiting all of
the Solers from filing any further bankruptcy
cases without leave of Court. The injunction
will provide that the Court will allow a new
case only if it grants a Motion for Leave to
File New Bankruptcy Case (the "Motion for
Leave"). To be considered by the Court, the
Motion for Leave must be filed in this case,
describe the purpose of a new bankruptcy case,
and certify that the proposed new case is
seeking to discharge, or restructure, debts
that are not related to the 5th St. Property
or to the Hialeah Property.

On April 19, 2022, the Court entered its Order Rescheduling
Show Cause Hearing [DE# 93]. That Order rescheduled the Show Cause
Hearing for June 7, 2022. The Order was served on the Solers at
4741 NW 5th Street, the address of the 5th St. Property.

As noted above, none of the Solers appeared at the June 7th
hearing. Moreover, as also noted, Roberto Soler has provided
further cause for the injuction by filing yet another bankruptcy
petition on May 20, 2022, his third in the last four years, Case
No. 22-13971-LMI (the "New Roberto Case"). The filing of the
petition was clearly in bad faith. By email dated April 19, 2022
[DE# 94], Roberto Soler advised the Court that his current address
is 8150 SW 72nd Avenue. Yet in his petition in the New Roberto
Case, he lists his address as the 5th St. Property. Without doubt,
he filed the case in an attempt to stop a hearing scheduled for
May 23, 2022, in the 5th Street Foreclosure Case on Fannie Mae's

Motion for Writ of Possession. In fact, Fannie Mae is the only creditor listed on the matrix.

## Discussion

The Court has the authority to enjoin the Solers from filing any further bankruptcy cases relating to the 5th St. Property or to the Hialeah Property, pursuant to its inherent authority and pursuant to § 105 of the Bankruptcy Code. *See, e.g., In re United States Corporation Company*, Case No. 20-40375-KKS, 2021 WL 1100078, at *3-4 (Bankr. N.D. Fla. Jan. 22, 2021) (citing cases and discussing the standard applicable to bankruptcy courts in the Eleventh Circuit). The history of the Soler filings supports this relief.

Continuing to advance groundless and patently frivolous litigation is tantamount to bad faith justifying sanctions. *Ginsberg v. Evergreen Sec., Ltd.* (*In re Evergreen Sec., Ltd.*), 570 F.3d 1257, 1273 (11th Cir. 2009). And, a federal court's inherent authority to sanction includes pre-filing restrictions such as enjoining future filings without leave of court. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Federal "[c]ourts may enjoin not only the abusive litigant, but *any* party working in concert [with] or at the behest of the litigant." *In re United States Corporation Company*, Case No. 20-40375-KKS, 2021 WL 1100078, at *4 (Bankr. N.D. Fla. Jan. 22, 2021) (citations

omitted).   They may issue injunctive relief *sua sponte* and have done so where, as here, a party repeatedly files meritless claims. *See, e.g., Bafford v. Township Apartments Assoc., Ltd.*, No. 8:08-cv-724-T-27YGW, 2008 WL 1817333 (M.D. Fla. Apr. 22, 2008) (*sua sponte* dismissing a complaint with prejudice and ordering the plaintiff who sought to relitigate matters previously adjudicated on the merits to show cause why he should not be enjoined from filing any future lawsuit without leave of court); *Suntrust Bank v. Gaeta*, No. 8:10-cv-31-T-33AEP, 2010 WL 1049800 (M.D. Fla. Mar. 22, 2010) (*sua sponte* issuing a *Martin-Trigona* injunction against a party who caused unnecessary delay and interference in multiple state court actions through meritless removal of the actions to federal court).

Therefore, it is -

**ORDERED** as follows:

1.   Miriam Soler, Roberto Soler, and Alberto Soler, also known as Alberto Solar Somohano, are enjoined from filing any further bankruptcy petitions in the Southern District of Florida without leave of this Court.

2.   The Court will allow the Solers to file a new case only if it grants a Motion for Leave to File New Bankruptcy Case (a "Motion for Leave").   The Motion for Leave must be filed in this case, describe the purpose of the proposed new bankruptpcy case,

and certify that the proposed new case is seeking to discharge, or restructure, debts that are unrelated to the 5th St. Property or to the Hialeah Property.

3.    This Order has been reviewed by both Chief Judge Laurel Isicoff and Judge A. Jay Cristol, who have confirmed that they approve the form of the Order and support the injunctive relief provided in this Order.

###

COPIES TO:

Joe Falzone, Clerk
Chief Judge Laurel M. Isicoff
Judge A. Jay Cristol
Nancy K. Neidich, Trustee

**CLERK TO SERVE PARTIES BELOW:**

Miriam Soler
4741 NW 5 Street
Miami, FL 33126

Roberto Soler, Jr.
4741 NW 5th Street
Miami, FL 33126

Roberto Soler
8150 SW 72nd Avenue
Miami, Florida  33143

Alberto Soler
4741 NW 5th Street
Miami, FL 33126


Melbalynn Fisher
Ghidotti & Berger LLP
1031 N Miami Beach Blvd
North Miami Beach, FL 33162-3842

9

Andrea Hartley, Esq.
Akerman LLP
Three Brickell City Centre
98 SE 7th St
Miami, FL 33131-3522



**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CFN 2021R0075568
OR BK 32321 Pg 4891 (1Pgs)
RECORDED 01/29/2021 12:02:57
DEED DOC TAX $1,593.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| Federal National Mortgage Association | **GENERAL JURISDICTION DIVISION** |
| Plaintiff(s) / Petitioner(s) | Case No:   2013-033734-CA-01 |
| VS. | Section:   (Section, CA 58) |
| Soler, Roberto N, | Doc Stamps:  $1,593.00 |
| Defendant(s) / Respondents(s) | Surtax:   $0.00 |
| | Consideration:  $265,500.00 |

## CERTIFICATE OF TITLE

**The undersigned clerk** of the court certifies that a Certificate of Sale was executed and filed in this action on October 29, 2020, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

**LOTS 15 AND 16 IN BLOCK 9, OF HIALEAH PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 10, AT PAGE 22 OF THE PUBLIC RECPRDS OF MIAMI- DADE COUNTY, FLORIDA.**

**Property Address: 736 SE 8TH PL, HIALEAH, FL 33010.**

was sold to:
FORMIAMI20 LLC
3250 NE 1st Avenue Ste. 307
Miami, FL, 33137

WITNESS my hand and the seal of this court on  January 22, 2021 .

*Harvey Ruvin*

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

Rev. 10/5/2009

1

Book32321/Page4891    CFN#20210075568

Page 1 of 1



CFN 2018R0475780
OR BK 31090 Pg 1218 (1Pgs)
RECORDED 08/06/2018 16:23:26
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

Federal Natl Mort Assn (Fannie Mae),
Plaintiff(s) / Petitioner(s)

  VS.

Soler, Roberto, , et al.
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION
Case No:    2013-008187-CA-01
Section:    (Section, CA 04)
Doc Stamps:    $120.60
Surtax:    $0.00
Consideration:    $20,100.00

### CERTIFICATE OF TITLE

**The undersigned clerk** of the court certifies that a Certificate of Sale was executed and filed in this action on May 01, 2018, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

**LOT 5, OF JAY BOB SUBDIVISION - PART NO. 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 59, PAGE 99, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

**PROPERTY ADDRESS: 4741 NW 5TH STREET, MIAMI, FL, 33126**

was sold to:

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE")

14523 SW MILIKAN WAY, SUITE 200

BEAVERTON, OR, 97005

WITNESS my hand and the seal of this court on  August 02, 2018 .

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

Rev. 10/5/2009

1